IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
09/25/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

| | |
|---|---|
| DARRYL W. BATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:24-cv-00058 |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | By: Elizabeth K. Dillon |
| PROTECTION AGENCY, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darryl W. Bates brings this action against the United States Environmental Protection Agency ("EPA" or "United States"), alleging that the government issued a fraudulent report concerning property he owns.[1] (*See* Compl., Dkt. No. 1.) Pending before the court is the United States' motion to dismiss. (Def. Mot. to Dismiss, Dkt. No. 8.) For the reasons set forth below, the court finds that it lacks subject-matter jurisdiction over this action and will therefore grant the government's motion.

### I. BACKGROUND

On August 7, 2024, Bates, appearing pro se, filed this action in the U.S. District Court for the Western District of Virginia following the denial of his administrative claim under the Federal Tort Claims Act ("FTCA") by the EPA. (Compl. ¶ 1.) Bates alleges that the EPA issued a "fraudulent report" that violated 18 U.S.C. § 1001, and he characterizes the conduct as "unwarranted, unauthorized[,] and fraudulent EPA response action." (*Id.* ¶¶ 2, 3.) He claims that this report has caused "untolled damages and irreputable harm," amounting to $12,000,000.

---

[1] Claims brought under the FTCA must name the United States as the defendant, not the individual agency. 28 U.S.C. § 1346(b)(1); *see also id.* § 2679(a) (agencies cannot be sued under the FTCA); *Webb v. Hamidullah*, 281 Fed. Appx. 159, 161 n.4 (4th Cir. 2008). Accordingly, the United States is the only proper defendant in this case.

(*Id.* ¶ 3.)  According to Bates, the harms are "ongoing in the form of an EPA lien against [his] property, fraudulent postings on the property, . . . and being deemed a Superfund Site."  (*Id.* ¶ 4.)  As relief, Bates seeks $12,000,000 in damages, reimbursement of legal expenses, removal of the $1,200,000 lien on his property, permission to remove the alleged "fraudulent postings" on the property, and assurance that such EPA actions will never happen again.[2]  (*Id.* at 3.)

The United States moves to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on four independent grounds.  First, it argues that the court lacks subject-matter jurisdiction because Bates fails to allege a valid tort under Virginia law, as required for a waiver of sovereign immunity under the FTCA.  Second, it contends that the FTCA's misrepresentation exception bars Bates's claim.  Third, the government asserts that Bates's claim is time-barred by the FTCA's two-year statute of limitations.  Finally, the United States argues that the complaint does not satisfy the pleading standards set forth in Federal Rule of Civil Procedure 8.  (*See generally* Dkt. No. 9.)

Bates filed a response in opposition to the government's motion (Dkt. No. 13), to which the United States submitted a reply (Dkt. No. 14).  Bates subsequently filed a second opposition brief (Dkt. No. 15) and a separate letter to the court (Dkt. No. 16).[3]  The matter is now fully briefed and ripe for review.

---

[2] Bates also "demands" summary judgment in his complaint and, if denied, seeks "expedited discovery in the form of subpoenas, interrogatories[,] and admissions."  (Compl. 3.)  However, this is neither the appropriate time nor the proper procedural vehicle to file a motion for summary judgment.  The Federal Rules of Civil Procedure, as well as this court's Local Rules, set forth the timing and procedures for filing such motions.

[3] In his response filings, Bates appears to request that the court disqualify counsel for the United States and "remand" the case to Judge Michael J. Urbanski.  (Dkt. No. 13 at 7; Dkt. No. 15 at 1.)  These requests, however, are procedurally improper as they are raised within a response brief rather than through separate motions.  In any event, even if properly presented, both requests would be denied as moot, as the court concludes it lacks subject-matter jurisdiction over this action.

## II.  DISCUSSION

Because subject-matter jurisdiction "concern[s] the court's very power to hear the case[,]" the court must first consider the government's arguments on that issue.  *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (internal citation and quotations omitted).

**A.  Legal Standard**

Federal courts have limited subject-matter jurisdiction and are empowered to act only in the specific instances authorized by Congress.  *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968).  A motion to dismiss under Rule 12(b)(1) tests the court's subject-matter jurisdiction over a plaintiff's claim.

A defendant may challenge federal subject-matter jurisdiction in two ways.  *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  First, a defendant may attack the face of the complaint and contend "that a complaint simply fails to allege facts upon which subject-matter jurisdiction can be based."  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  In evaluating a facial challenge to subject-matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  *Id.*  Second, a defendant may attack subject-matter jurisdiction as a matter of fact and argue "that the jurisdictional allegations of the complaint [are] not true."  *Id.*  Under those circumstances, a plaintiff receives less procedural protection, and "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The burden of proving subject-matter jurisdiction rests with the plaintiff.  *Piney Run Pres. Ass'n v. Cnty. Comm'rs*, 523 F.3d 453, 459 (4th Cir. 2008).  Dismissal under Rule 12(b)(1)

is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Zeigler v. Eastman Chem. Co.*, 54 F.4th 187, 194 (4th Cir. 2022) (quoting *Evans v. B.F. Perkins Co*, 166 F.3d 642, 647 (4th Cir. 1999)).

**B.  The Court Lacks Subject-matter Jurisdiction.**

The United States argues that the court lacks subject-matter jurisdiction for two independent reasons: (1) Bates fails to allege a valid tort claim under Virginia law; and (2) even if he had, the FTCA's misrepresentation exception would bar the claim.  The court agrees on both grounds.

**1.  Bates Fails to Allege a Valid FTCA Claim.**

Federal courts lack jurisdiction over actions against the United States unless Congress has expressly waived the federal government's sovereign immunity.  *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941).  A waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The FTCA provides a "limited waiver of sovereign immunity and creates a cause of action for certain tort claims against the United States 'where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Bulger v. Hurwitz*, 62 F.4th 127, 142 (4th Cir. 2021) (citing 28 U.S.C. § 1346(b)(1)).

Here, Bates asserts a claim under the FTCA "based solely on the fraudulent report in violation of 18 U.S.[C.] § 1001."  (Compl. ¶ 3.)  However, § 1001 is a federal criminal statute that penalizes false or fraudulent statements made to federal agencies.  It does not provide a private right of action. *See Fed. Sav. & Loan Ins. v. Reeves*, 816 F.2d 130, 137–38 (4th Cir. 1987) (holding there was no basis to imply a private right of action under 18 U.S.C. § 1001);

4

*Greenblatt v. Klein*, 634 F. App'x 66, 69 (3d Cir. 2015) ("[T]here is no private cause of action under 18 U.S.C. § 1001."); *Coleman v. Pentagon Force Prot. Agency*, No. 1:24-CV-1628 (PTG/IDD), 2025 WL 2345819, at *3 (E.D. Va. Aug. 12, 2025) (holding same, citing *Reeves*). Accordingly, to the extent Bates relies on § 1001 as a waiver of sovereign immunity and a private right of action, his claim fails.

While Bates appears to rely primarily on § 1001, he also alleges a violation of Virginia Code § 18.2-340.37.  (Compl. ¶ 4.)  Because courts must liberally construe pro se complaints, *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016), the court construes his complaint as also asserting a tort claim under Virginia law based on this statute. However, that claim fails as well.

Virginia Code § 18.2-340.37 is a criminal statute related to violations of the Commonwealth's "Charitable Gaming" laws.  *See Greene v. Commonwealth*, 672 S.E.2d 832, 833 (Va. 2009) (emphasizing that § 18.2-340.37 applies to "charitable gaming").  The statutory scheme defines "charitable gaming" to include activities such as "raffles, Texas Hold'em poker tournaments, and games of chance."  Va. Code Ann. § 18.2-340.16.  Section 18.2-340.37 criminalizes, among other things, the willful filing of false reports in connection with charitable gaming.

The statute, however, does not create a civil cause of action, nor does it establish a duty actionable under Virginia tort law.  *See Vansant & Gusler, Inc. v. Washington*, 429 S.E.2d 31, 34 (Va. 1993) (emphasizing that no civil right of action for damages exists for a violation of a criminal or penalty statute unless the "statute by its terms so provides, or unless proof of the same facts that establish violation of such other statute also constitutes proof of an otherwise existing civil action for damages independent of the criminal statute").  *Cf. also Tribble v. Reedy*,

5

888 F.2d 1387, at *1 (4th Cir. 1989) (discussing federal criminal statutes and stating that absent "a clear [legislative] intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute"); *Brown v. Clements*, No. 3:15CV104, 2015 WL 5677296, at *9 (E.D. Va. Sept. 23, 2015) (applying *Tribble* to hold same with regard to Virginia criminal statute). Moreover, nothing in Bates's complaint has any connection—direct or inferable—to charitable gaming. The court finds no relevance between the cited statute and the facts alleged in the complaint.

Because neither 18 U.S.C. § 1001 nor Virginia Code § 18.2-340.37 creates a private right of action or imposes a duty cognizable under Virginia tort law, Bates has failed to allege a viable claim against the United States under the FTCA. In the absence of such a claim, the United States retains its sovereign immunity. As a result, Bates has not satisfied the FTCA's jurisdictional requirements, and the court lacks subject-matter jurisdiction over this action. Dismissal under Rule 12(b)(1) is therefore warranted. *See, e.g.*, *Booker v. United States*, No. 1:20-cv-574 (RDA/IDD), 2022 WL 1571309, at *4 (E.D. Va. May 18, 2022) (dismissing FTCA claim for lack of subject-matter jurisdiction because the alleged conduct would not be actionable under Virginia tort law).

**2. The FTCA's Misrepresentation Exception Bars Bates's Claim.**

Even if Bates had alleged a valid tort claim under Virginia law, which he has not, his claim would still be barred by the FTCA's misrepresentation exception, which excludes from the government's waiver of sovereign immunity "[a]ny claim arising out of . . . misrepresentation [or] deceit." 28 U.S.C. § 2680(h). This exception applies broadly and includes both negligent and intentional misrepresentations. *Block v. Neal*, 460 U.S. 289, 295 (1983).

Although Bates attempts to distinguish his claim by characterizing the EPA's conduct as

6

"fraud" rather than "misrepresentation" (Dkt. No. 13 at 2), this distinction is immaterial under the law.  Fraud is, by definition, a form of intentional misrepresentation and squarely falls within the scope of the FTCA's misrepresentation exception.  S*ee Esquivel v. United States*, 21 F.4th 565, 577 (9th Cir. 2021) ("Under this exception, claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred."); *Suter v. United States*, No. 3:04CV358, 2005 WL 6124845, at *2 (W.D.N.C. Mar. 1, 2005), *aff'd*, 441 F.3d 306 (4th Cir. 2006) ("Fraud, by definition, is an intentional or knowing misrepresentation."); *see also Fraud*, Black's Law Dictionary (12th ed. 2024) (defining "fraud" as a type of knowing or reckless misrepresentation).  The core of Bates's allegations—that the EPA issued a fraudulent report—falls squarely within the misrepresentation exception.

Therefore, even assuming arguendo that Bates sufficiently alleged an actionable tort claim under Virginia law, which he did not, his fraud-based allegations fall squarely within the FTCA's misrepresentation exception under § 2680(h).  Because the United States retains sovereign immunity for claims arising out of misrepresentation or fraud, the court lacks subject-matter jurisdiction on this basis as well.  Dismissal under Rule 12(b)(1) is therefore warranted.

## C.  Remaining Arguments are Moot.

Because the court lacks subject-matter jurisdiction, it does not reach the United States' additional arguments regarding timeliness under the FTCA's statute of limitations or the sufficiency of the complaint under Rule 12(b)(6).  *See, e.g.*, *Garling v. United States EPA*, 849 F.3d 1289, 1293 (10th Cir. 2017) (noting that a court needs to have subject-matter jurisdiction before addressing timeliness arguments); *Betz v. St. Joseph's/Candler Health Sys., Inc.*, 630 F. Supp. 3d 734, 754 (D.S.C. 2022) (declining to address defendants' 12(b)(6) arguments after finding subject-matter jurisdiction lacking).

## III. CONCLUSION AND ORDER

For the foregoing reasons, the court finds that it lacks subject-matter jurisdiction over this action. Accordingly, it is hereby ORDERED that the United States' motion to dismiss (Dkt. No. 8) is GRANTED and Bates's complaint is DISMISSED WITHOUT PREJUDICE.[4]

The Clerk is directed to STRIKE this case from the active docket of the court and provide a copy of this memorandum opinion and order to Mr. Bates and to all counsel of record.

Entered: September 25, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[4] The court notes that Magnate, LLC—Bates's company and the owner of the property at issue—brought a similar action against the EPA in 2022, though with slightly different allegations. This court dismissed that case with prejudice on the grounds that the EPA's actions fell within the discretionary function exception to the FTCA. *See Magnate, LLC v. United States Env't Prot. Agency*, 678 F. Supp. 3d 767 (W.D. Va. 2023), *aff'd as modified*, No. 23-1768, 2024 WL 2355374 (4th Cir. May 23, 2024). On appeal, the Fourth Circuit affirmed, but modified the order to reflect dismissal without prejudice. *Magnate, LLC*, 2024 WL 2355374, *1 (citing *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (explaining that dismissals for lack of subject-matter jurisdiction must be without prejudice)).